**CSD 1183** [07/01/18]
Name, Address, Telephone No. & I.D. No.
Richard G. Heston; Bar No.: 90738
Heston & Heston, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, CA 92612-2528
(949) 222-1041
(949) 222-1043 fax
rheston@hestonlaw.com
Arttorneys for Movant HOLLIE LEMKIN

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

SUSAN JO WHITE

BANKRUPTCY NO. 21-01414-LT7

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-_____          Debtor.

## NOTICE OF HEARING AND MOTION

TO:  THE DEBTOR, SUSAN JO WHITE, HER ATTORNEY OF RECORD, THE UNITED STATES TRUSTEE,
JAMES L. KENNEDY, CHAPTER 7 TRUSTEE, AND OTHER INTERESTED PARTIES

**You are hereby notified** that on <u>August 12, 2021</u>, at <u>10:00</u>.m, in Department <u>3</u>,Room <u>129</u>
of the Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California 92101-6991, there
will be a hearing regarding the motion of   <u>HOLLIE LEMKIN</u>                                              , Movant, for

MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND ((3) AND
TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO
DISCHARGE PURSUANT TO SECTION 727

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy
of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San
Diego, California 92101-6991, **not later than fourteen (14)[1] days from the date of service.**

DATED: 7/2/2-t

/S/ RICHARD G. HESTON
[Attorney for] Moving Party

[1]Depending on how you were served, you may have additional time for response. See FRBP 9006.

CSD 1183

RICHARD G. HESTON, Bar No. 90738
HALLI B. HESTON, Bar No. 90737
BENJAMIN R. HESTON, Bar No. 297798
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 200
Irvine, California 92612-2528
(949) 222-1041 Voice
(949) 222-1043 FAX
rheston@hestonlaw.com

Attorneys for Movant HOLLIE LEMKIN

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re

SUSAN JO WHITE,

     Debtor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 21-01414-LT7

Chapter 7

**NOTICE OF MOTION AND MOTION SUPPORT OF MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND ((3) AND TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO DISCHARGE PURSUANT TO SECTION 727; DECLARATION OF OF RICHARD G. HESTON**

Date: August 12, 2021
Time: 10:00 a.m.
Ctrm: Chamber 3, Room 129

**TO: THE DEBTOR, SUSAN JO WHITE, HER ATTORNEY OF RECORD, THE UNITED STATES TRUSTEE, JAMES L. KENNEDY, CHAPTER 7 TRUSTEE, AND OTHER INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN that a hearing on Movant HOLLIE LEMKIN'S Motion to Extend Deadline to File a Motion Pursuant to 11 U.S.C. § 707(b) or to file Complaint to Determine Dischargeability Pursuant to 11 U.S.C. § 523(a) has been set for 11:00 a.m. on January 27, 2016 in Courtroom 3 of the United States Bankruptcy Court located at the Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California

92101-6991, on the grounds set forth in the attached Motion and the supporting Declaration of Richard G. Heston

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, not later than fourteen (14)1 days from the date of service.

Dated: 6/30/21

HESTON & HESTON
Attorneys at Law

By: RICHARD G. HESTON
Attorneys for Movant HOLLIE LEMKIN

## MOTION TO EXTEND DEADLINE TO FILE MOTION TO DISMISS CASE PURSUANT TO SECTION 707(b)(2) AND (3) AND COMPLAINT TO DETERMINE DISCHARGEABILITY OR OBJECTING TO DISCHARGE

Creditor, HOLLIE LEMKIN, respectfully moves this Court for an Order Extending the Deadline to File a Motion to Dismiss Case Pursuant to Section 707(b)(2) and (3) and Complaint to Determine Dischargeability Pursuant to Section 523 or Objecting to Discharge pursuant to Section 727 and represents the following:

### STATEMENT OF FACTS

1. On April 8, 2021, Debtor filed this Chapter 7 case. James L. Kennedy was appointed as the interim trustee and is now serving as the duly appointed trustee in this case.

2. Movant, an attorney, is creditor having a general unsecured claim in the amount of $468,549.52, plus judgment interest accrued thereon since February 16, 2021. Such claims arise from Movant's prior representation of Debtor in her divorce and the legal malpractice lawsuit brought by Debtor in relation thereto.

3. Debtor's initial Section 341(a) examination was scheduled for May 12, 2021. Debtor appeared and was examined on that date, but the meeting was not concluded and was continued to June 16, 2021. On that date, Debtor was further examined, but the meeting was not concluded and was continued to July 13, 2021.

4. Although a representative of the office of the United States Trustee has attended each of the examinations, no statement of presumed abuse has been filed due to the fact the examination remains to be concluded and has been continued to July 13, 2021.

5. The bar date for the filing of complaints to object to Debtor's right to a discharge or to determine dischargeability pursuant to Rules 4004(a) and 4007(c) of the Federal Rules of Bankruptcy Procedure was fixed as July 12, 2021.

6. The deadline for filing of a motion to dismiss for abuse based on the totality of the circumstances pursuant to Section 707(b)(3) brought against a debtor whose debts are primarily consumer debts is 60 days after the initial date of the 341(a) examination, i.e., July 11, 2021, a Sunday, and hence is extended one day to July 12, 2021.

7. In her petition [DOC 1], at page 6, at questions 16a, 16b, and 16 Debtor checked the boxes to indicate that her debts were not primarily consumer and that they were primarily business debts incurred to obtain money for a business or investment or through the operation of the business or investment.

8. In her petition [DOC 1], at page 13, in Schedule A/B at question 37 in response to whether she owned any legal or equitable interest in any business-related property, Debtor responded "no". This response is inconsistent with and at odds with Debtor's claim that her debts were primarily business debts.

9. In her petition [DOC 1], at page 34, in Schedule I at question 1, Debtor indicated that she was currently and had been for the past three years employed in Outside Sales by employer Riverbed located in San Francisco. Other than her gross monthly wages, salary or commission of $14,180.00, the only other income identified by Debtor was $848.00 per month in domestic support. No investment or business income was identified. This response is inconsistent with and at odds with Debtor's claim that her debts were primarily business debts.

10. In her petition [DOC 1], at page 47, in the Statement of Financial Affairs at question 27, in response to the question of whether within four years prior to filing her bankruptcy petition she owned a business or had any connections with a business, Debtor responded "no". This response is inconsistent with and at odds with Debtor's claim that her debts were primarily business debts.

11. In her petition [DOC 1], at page 57, in the Statement of Exemption from Presumption of Abuse Under § 707(b)(2), in response to the question of whether her debts were primarily consumer debts, Debtor responded "no". This response is inconsistent with and at odds with Debtor's claim that her debts were primarily business debts.

12. Among the reasons that the 341(a) examination has been repeatedly continued is the investigation by the Trustee of Debtor's claim that her debts were primarily business debts.

13. The lack of information to support Debtor's assertion that her debts were primarily business debts notwithstanding she owns no business, is employed, and has had no interests in or connection with a business in over 4 years, prevents a determination of whether

this case is subject to a motion to dismiss for abuse under either 707(b)(2) or (b)(3), as both are applicable only in cases in which the debtor's debts are primarily consumer debts.

14. Until the issue of whether the Debtor's claims are primarily consumer debts, or business debts as she contends, Movant cannot determine if there exists a bar date for the filing of a motion to dismiss pursuant to Section 707(b)(3) that will lapse on July 12, 2021, or whether Debtor is not subject to such a motion as a consumer debtor.

15. In addition, Debtor's 341(a) examination remains incomplete and she has already filed amended schedules on June 4, 2021 [DOC 12] and has indicated that further amendments may be filed prior to her continued examination on July 13.021. Movant intends to participate in such continued examination to determine if there exist facts that would support the commencement of an adversary proceeding to object to discharge and/or to seeking a determination of dischargeability.

16. Movant is seeking an order extending the deadline to file a motion to dismiss for abuse under either 707(b)(2) or (b)(3), and the bar date to file a complaint to object to discharge pursuant to Section 727 and to seek a determination of dischargeability pursuant to Section 523 to September 13, 2021.

17. Debtor has already entered in a stipulation with the Chapter 7 Trustee and the United States Trustee to extend the deadline to file a motion to dismiss for abuse under 707(b)(3) and to file a complaint objection to discharge to September 13, 2021.

18. Accordingly, Movant is requesting that the Court grant this Motion and issue an Order extending the deadline to file a motion to dismiss for abuse under either 707(b)(2) or (b)(3), and the bar date to file a complaint to object to discharge pursuant to Section 727 and to seek a determination of dischargeability pursuant to Section 523 to September 13, 2021.

Dated: 6/30/21

HESTON & HESTON
Attorneys at Law

By: RICHARD G. HESTON
Attorneys for Movant ALAN D. JAFFE

## DECLARATION OF RICHARD G. HESTON

I, RICHARD G. HESTON, declare as follows:

1. I am the attorney of record for Movant HOLLIE LEMKIN ("LEMKIN"). I have personal knowledge of all matters stated herein and if called to testify, I could testify competently thereto.

2. On April 8, 2021, Debtor filed this Chapter 7 case. James L. Kennedy was appointed as the interim trustee and is now serving as the duly appointed trustee in this case.

3. Movant, an attorney, is creditor having a general unsecured claim in the amount of $468,549.52, plus judgment interest accued thereon since February 16, 2021. Such claims arise from Movant's prior representation of Debtor in her divorce and the egal malpractice lawsuit brought by Debtor in relation thereto.

4. Debtor's intitial Section 341(a) examination was scheduled for May 12, 2021. Debtor appeared and was examined on that date, but the meeting was not concluded and was continued to June 16, 2021. On that date, Debtor was further examined, but the meeting was not concluded and was continued to July 13, 2021.

5. Although a representative of the office of the United States Trustee has attended each of the examinations, no statement of presumed abuse has been filed due to the fact the examination remains to be concluded and has been continued to July 13, 2021.

6. The bar date for the filing of complaints to object to Debtor's right to a discharge or to determine dischargeability pursuant to Rules 4004(a) and 4007(c) of the Federal Rules of Bankruptcy Procedure was fixed as July 12, 2021.

7. The deadline for filing of a motion to dismiss for abuse based on the totality of the circumstances pursuant to Section 707(b)(3) brought against a debtor whose debts are primarily consumer debts is 60 days after the initial date of the 341(a) examination, i.e., July 11, 2021, a Sunday, and hence is extended one day to July 12, 2021.

8. In her petition [DOC 1], at page 6, at questions 16a, 16b, and 16 Debtor checked the boxes to indicate that her debts were not primarily consumer and that they were primarily business debts incurred to obtain money for a business or investment or through the operation of

the business or investment.

9. In her petition [DOC 1], at page 13, in Schedule A/B at question 37 in response to whether she owned any legal or equitable interest in any business-related property, Debtor responded "no".

10. In her petition [DOC 1], at page 34, in Schedule I at question 1, Debtor indicated that she was currently and had been for the past three years employed in Outside Sales by employer Riverbed located in San Francisco. Other than her gross monthly wages, salary or commission of $14,180.00, the only other income identified by Debtor was $848.00 per month in domestic support. No investment or business income was identified.

11. In her petition [DOC 1], at page 47, in the Statement of Financial Affairs at question 27, in response to the question of whether within four years prior to filing her bankruptcy petition she owned a business or had any connections with a business, Debtor responded "no".

12. In her petition [DOC 1], at page 57, in the Statement of Exemption from Presumption of Abuse Under § 707(b)(2), in response to the question of whether her debts were primarily consumer debts, Debtor responded "no".

13. Among the reasons that the 341(a) examination has been repeatedly continued is the investigation by the Trustee of Debtor's claim that her debts were primarily business debts.

14. The lack of information to support Debtor's assertion that her debts were primarily business debts notwithstanding she owns no business, is employed, and has had no interests in or connection with a business in over 4 years, prevents me from making a determination of whether this case is subject to a motion to dismiss for abuse under either 707(b)(2) or (b)(3), as both are applicable only in cases in which the Debtor's debts are primarily consumer debts.

15. Until the issue of whether the Debtor's claims are primarily consumer debts, or business debts as she contends, my client and I cannot determine if there exists a bar date for the filing of a motion to dismiss pursuant to Section 707(b)(3) that will lapse on July 12, 2021, or whether Debtor is not subject to such a motion as a consumer debtor.

16. In addition, Debtor's 341(a) examination remains incomplete and she has already filed amended schedules on June 4, 2021 [DOC 12] and has indicated that further amendments may be filed prior to her continued examination on July 13.021. I intend to participate in such continued examination to determine if there exist facts that would support the commencement of an adversary proceeding to object to discharge and/or to seeking a determination of dischargeability.

17. Movant is seeking an order extending the deadline to file a motion to dismiss for abuse under either 707(b)(2) or (b)(3), and the bar date to file a complaint to object to discharge pursuant to Section 727 and to seek a determination of dischargeability pursuant to Sectionn 523 to September 13, 2021.

18. Debtor has already entered in a stipulation with the Chapter 7 Trustee and the United States Trustee to extend the deadline to file a motion to dismiss for abuse under 707(b)(3) and to file a complaint objection to discharge to September 13, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2021, at Irvine, California.

RICHARD G. HESTON

F:\BK\7\White, Susan J\Motion to Extend Deadlines Motion to Dismiss and Complaints.wpd

## CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on the 2nd day of July, 2021, I served a true copy of the within NOTICE OF MOTION AND HEARING, together with the following pleadings [describe any other papers] on the following persons listed below by the mode of service shown below:

List additional papers: Notice of Motion and Motion Support of Motion to Extend Deadlines to File Motion to Dismiss Pursuant to Section 707(b)(2) and (3) and to File Complaint to Determine Dischargeability Pursuant to Section 727 or to Object to Discharge Pursuant to Section 727; Declaration of Richard G. Heston

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On ___July 2,2021___ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☒ Attorney for Debtor (or Debtor), if required:
Bill Parks   attparks@aol.com

☒ Chapter 7 Trustee: James L. Kennedy   jim@jlkennedy.com,, jlk@trustesolutions.net

| ☒ For Chpt. 7, 11, & 12 cases: | ☐ For ODD numbered Chapter 13 cases: | ☐ For EVEN numbered Chapter 13 cases: |
|---|---|---|
| UNITED STATES TRUSTEE ustp.region15@usdoj.gov | THOMAS H. BILLINGSLEA, JR., TRUSTEE Billingslea@thb.coxatwork.com | DAVID L. SKELTON, TRUSTEE admin@ch13.sdcoxmail.com dskelton13@ecf.epiqsystems.com |

2. **Served by United States Mail:**

On ___July 2, 2021___ , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

☐ Attorney for Debtor (or Debtor), if required:

David A. Ortiz, Office of the United States Trustee, 880 Front Street, Suite 3230, San Diego, CA 92101,

Abram S. Feuerstein, Office of the United States Trustee, 880 Front Street, Suite 323, San Diego, CA 92101

Hollie A. Lemkin, Esq., Law Offices of Hollie A. Lemkin, APC, 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626

3.     **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail:**

       Under Fed.R.Civ.P.5 and controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

☐    Attorney for Debtor (or Debtor), if required:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on   <u>July 2, 2021</u>               Yanira Flores                   
                (Date)                (Typed Name and Signature)

                                                 19700 Fairchild Road, Suite 280
                                             (Address)

                                             Irvine, CA 92612
                                           (City, State, ZIP Code)